IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES EARNEST WATTS**                                                 **PETITIONER**

v.                                                                               **No. 3:20CV139-NBB-JMV**

**JESSIE J. WILLIAMS**                                                **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Earnest Watts for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [9] to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The State has moved to dismiss the petition as untimely filed, and Mr. Watts has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

**Facts and Procedural Posture**

James Earnest Watts ("Petitioner" or "Watts") filed the instant Petition for Writ of Habeas Corpus on May 18, 2020, challenging his conviction of capital murder and sentence of life without the possibility of parole. Doc. 1. On August 9, 1996, a jury convicted Watts of capital murder in the Circuit Court of Marion County, Mississippi and sentenced Watts to death. Exhibit A[1] ("Order of Conviction"); *see also* State Court Record (SCR), Cause No. 1996-DP-1030-SCT, Vol. 3 at 398, 422-25. Watts, through counsel, appealed his conviction and sentence, and on January 28, 1999, the Mississippi Supreme Court affirmed his conviction but reversed his death sentence and remanded for

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's Motion [9] to Dismiss.

resentencing. Exhibit B (*Watts v. State,* 733 So. 2d 214, 220 (Miss. 1999), *reh'g denied*, May 6, 1999). On remand, the State agreed not to seek the death penalty in exchange for Watts's agreement to be sentenced to life without the possibility of parole. Exhibit C; *see also* SCR, Cause No. 2018-CP-225-COA, Vol. 1 at 25-27. On June 4, 1999, the circuit court re-sentenced Watts under Miss. Code Ann. § 99-19-101 (1994) to serve a sentence of life without parole. *Id.* Watts did not seek further direct review of his sentence to life without parole.

On December 6, 2017, Mr. Watts signed a *pro se* "Motion for Modification," which was filed in the Marion County Circuit Court on December 11, 2017, seeking to challenge his sentence at issue in this case. SCR, Cause No. 2018-CP-225-COA, Vol. 1 at 11-32. On January 19, 2018, the circuit court denied Watts's motion. *Id.* at 33-34. Watts appealed the circuit court's order, and the Mississippi Court of Appeals affirmed. Exhibit D (*Watts v. State*, 264 So. 3d 829 (Miss. Ct. App. 2018)). Watts' petition for writ of *certiorari* was denied on March 7, 2019, and the mandate issued on March 28, 2019. SCR, Cause No. 2018-CT-225-SCT, Certiorari Folder.

The Mississippi Supreme Court records also reflect that, on March 6, 2020, Watts filed an "Application for Leave to Proceed in the Trial Court," along with his "Motion for Post-Conviction Collateral Relief," in Mississippi Supreme Court Cause No. 2020-M-245. On April 6, 2020, the Mississippi Supreme Court dismissed Watt's motion without prejudice to be filed in the trial court, as he did not appeal the sentence he received on remand. *See* SCR, Cause No. 2020-M-245. The instant petition was filed on May 18, 2020.

**One-Year Limitations Period:
No Statutory or Equitable Tolling**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Watts' conviction became final on Monday, July 5, 1999, thirty days after the circuit court re-sentenced him to life without parole.[2] *See Roberts*, 319 F.3d at 694 ("a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'") (citing 28 U.S.C. § 2244(d)(1)(A)); *see also* Miss. R. App. P. 4 ("the notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."). Thus, absent statutory or equitable tolling, under the AEDPA's one-year limitations period, Mr. Watts' federal petition for a writ of *habeas corpus* was due on or before July 5, 2000. The instant petition

---

[2] Thirty days following the date of Watts's re-sentencing was Sunday, July 4, 1999; therefore, the next business day was Monday, July 5, 1999.

was filed on May 18, 2020, nearly twenty years after Watts's federal *habeas corpus* statute of limitations expired. As discussed below, Mr. Watts does not enjoy either statutory or equitable tolling, and his present petition is untimely filed.

**No Statutory Tolling**

Mr. Watts did not "properly file" an application for post-conviction relief on or before July 5, 2000; as such he does not enjoy statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The Mississippi Supreme Court records and the records of the Marion County Circuit Court, as available on Mississippi Electronic Courts, reflect that Mr. Watts did not file any post-conviction motions on or before July 5, 2000.[3] Therefore, Watts' one-year *habeas corpus* limitations period ran uninterrupted, and his deadline to file his federal petition remained July 5, 2000.

**No Equitable Tolling**

Neither is Mr. Watts entitled to equitable tolling of the one-year limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not

---

[3] Neither Watts' December 6, 2017, "Motion for Modification" – filed in Marion County Circuit Court – nor his March 6, 2020, "Application for Leave to Proceed in the Trial Court" (with accompanying "Motion for Post-Conviction Collateral Relief") – filed in the Mississippi Supreme Court serve to extend the *habeas corpus* filing deadline. These state post-conviction challenges were filed many years after the federal *habeas corpus* limitations period expired, and it remains July 5, 2000.

jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one-year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). "Equitable tolling applies principally where the [petitioner] is actively misled by the [State] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Watts argues that his "claim of an 'illegal sentence' . . . is fundamentally timeless," that "an illegal sentence claim [can] be raised at any time" – that "this fundamental claim cannot be

barred." Doc. 1 at 13. He also argues that "in sentencing, [his] rights to due process of law [were] violated." *Id.* However, a claim of "illegal sentence" is not an exception to the federal *habeas corpus* statute of limitations. *See Robinson v. Mississippi,* No. 4:17-CV-145-DMB-DAS, 2019 WL 1307734, at *3 (N.D. Miss. Mar. 22, 2019) (citing *O'Neal v. Banks*, No. 1:17CV22-SA-RP, 2017 WL 1483298, at *3 (N.D. Miss. Apr. 25, 2017)); *see also Williams v. Mississippi*, No. 3:17CV118-NBB-DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018); *Jackson v. Brewer*, No. 2:10CV85-WAP-JAD, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 14, 2010), *report and recommendation adopted,* No. 2:10CV085-P-D, 2010 WL 4531385 (N.D. Miss. Nov. 2, 2010).

In addition, Mr. Watts' mistaken belief that his claim of an "illegal sentence" cannot be barred does not entitle him to equitable tolling of the limitations period because a *pro se* prisoner's ignorance of the law or limited access to outside information also does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher v. Johnson*, 174 F.3d 710, 713-14 (5th Cir. 1999); *Alexander*, 294 F.3d at 629. Further, neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitute a "rare and exceptional circumstance" to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). Mr. Watts does not meet the requirements to invoke equitable tolling in this case.

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 6, 2020, and the date it was received

and stamped as "filed" in the district court on May 14, 2020. The instant petition was filed nearly twenty years after the expiration of the filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of April, 2021.

      /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE